The document below is hereby signed.

Signed: January 27, 2011.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

```
                UNITED STATES BANKRUPTCY COURT
                  FOR THE DISTRICT OF COLUMBIA
```

In re                              )
                                   )
LONNELL GLOVER ,                   )   Case No. 09-00744
                                   )   (Chapter 13)
         Debtor.                   )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION RE
<u>MOTION TO RECONSIDER ANNULMENT OF AUTOMATIC STAY</u>

The court entered an order in this case granting the bank's motion for an annulment of the automatic stay with respect to a foreclosure sale and the ratification of that foreclosure sale. Within 14 days after entry of that order, the debtor filed a motion for reconsideration. Under Rule 9023 of the Federal Rules of Bankruptcy Procedure as amended effective December 1, 2010, the motion was timely filed as pursuit of relief under Rule 59 of the Federal Rules of Civil Procedure. Because the motion seeks to vacate the order annulling the automatic stay, it may be treated as a motion under Rule 59(e) to alter or amend the order. Alternatively, the motion may be viewed as a motion to set aside the order as a default judgment under Rule 55(c) of the Federal Rules of Civil Procedure (made applicable by Rules 7055 and

9014(c) of the Federal Rules of Bankruptcy Procedure).  Either way, the motion for reconsideration must be denied.

I

The debtor filed his petition commencing this case on August 28, 2009.  The court dismissed the case with prejudice for 180 days by an order entered on November 9, 2009.

The bank's motion for annulment of the automatic stay alleged:

> [O]n Monday, August 31, 2009, at 2:19 p.m., Plaintiffs/Movant conducted a foreclosure sale of the subject property.  The property was sold back to the lender for $203,195.00, which is less than the amount of the liens against the property.  Therefore, no surplus was created by the sale.  **At the time the Movant purchased the property, neither the noteholder nor the Substitute Trustees were aware that a Voluntary Petition for Relief under Chapter 13 had been filed.**  The Circuit Court of Prince George's County, Maryland entered a "Final Order of Ratification of Sale" on March 1, 2010.
>
> . . .
>
> [P]ursuant to established Maryland case law, the Debtor, after the foreclosure sale has been held, has no right to redeem the property, cure or re-instate the loan.

[Emphasis added.] The court granted the motion as unopposed.  The debtor does not contest the fact that the bank lacked knowledge of the bankruptcy case when it conducted the foreclosure sale at which it was the purchaser.  Nor does he contest that the bank pursued and obtained in state court an order, entered after the case was dismissed, ratifying the foreclosure sale.

The promissory note which was secured by the deed of trust

against the property was originally issued in favor of Wells Fargo Bank, N.A., but the motion to annul the automatic stay alleged that the bank was the noteholder.

II

In his motion for reconsideration, the debtor asserts:

> Deutsche Bank has never properly demonstrated to this Court that it is a "party in interest" and has standing to request a relief from the automatic stay under 11 U.S.C. § 362(d). . . .
>     Deutsche Bank does not even assert in its motion when or how any alleged transfer of the security interest was made from Wells Fargo to Deutsche Bank. Accordingly, Deutsche Bank is not a real party in interest and thus cannot seek a relief from the automatic stay.

This argument presents no meritorious defense to the motion to annul the automatic stay.

A

First, the debtor disregards the state court order ratifying the sale to the bank. That sale, which the debtor failed to contest, gave the bank standing to seek to annul the automatic stay with respect to the foreclosure sale ratified by that judgment.

Nothing in the automatic stay barred the state court's entering the ratification order. The bankruptcy case was dismissed with prejudice for a period during which the debtor could not utilize bankruptcy to save the property from foreclosure. It was during that period that the bank obtained the order ratifying the foreclosure sale. Any defense that the

3

bank was not a "party in interest" with standing to pursue foreclosure or a ratification of the foreclosure sale, and any defense that the foreclosure sale was void as in violation of the automatic stay, could have been raised in the ratification proceeding.

Armed with an order ratifying the sale to it, the bank obviously has standing to seek annulment of the automatic stay with respect to the ratified foreclosure sale.  The debtor has not suggested that the state court lacked jurisdiction to enter the ratification order,[1] and the ratification order necessarily is a finding that the bank has an interest in the property to protect.[2]

The court is bound by the state court judgment ratifying the foreclosure sale.  The only defense the debtor raises to the motion to annul is that the bank lacks an interest in the property to protect, but the state court judgment is an adjudication to the contrary.

---

[1] I suspect that the debtor knows he cannot succeed in setting aside the ratification order, and that this is why he has chosen to oppose the motion to annul instead.

[2] The bank has submitted a copy of the note endorsed in blank, and represents that it had possession of the note when it foreclosed.  According to the bank, that is all that is necessary under the applicable state law cited by the bank to vest it with the right to enforce the note.

4

B

The bank has standing to seek annulment for a more fundamental reason.  All the annulment does is permit the bank to be treated as not violating the automatic stay because it had no knowledge that the bankruptcy case was pending.  Having acted against the debtor's property during the pendency of a bankruptcy case, but having done so without knowledge of the bankruptcy case, it necessarily is entitled to seek an annulment of the automatic stay so that its act is blameless as far as the Bankruptcy Code is concerned.  Whether it had a right to foreclose under state law is an entirely different question.  What the annulment does is provide that the act of foreclosing did not violate the automatic stay.  Even if there is an argument that the bank had no interest in the property to protect (that is, that the bank was not the proper party to foreclose), it still had an interest in annulling the automatic stay, with the determination of whether under state law it had a right to foreclose being left to the state judicial system for determination.

III

The bank's motion to annul presented appropriate grounds for annulling the automatic stay, and was not opposed.  Accordingly, relief from the order is unavailable under Fed. R. Civ. P. 59.  A Rule 59(e) motion may not be used as a vehicle for a "losing

party . . . to raise new issues that could have been raised previously." *Kattan v. District of Columbia*, 995 F.2d 274, 276 (D.C. Cir. 1993); *see also Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).  In any event, the motion does not present a meritorious defense.

IV

The debtor has not shown good reason under Fed. R. Civ. P. 55(c) to grant relief from the order as a default judgment.  As observed in *Haskins v. U.S. One Transp., LLC*, --- F.Supp.2d ----, 2010 WL 5097834 (D.D.C. Dec. 15, 2010):

> "Once a defendant fails to file a responsive answer, he is in default, and an entry of default may be made by either the clerk or the judge." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980).  Under Federal Rule of Civil Procedure 55(c), however, a court has the discretion to set aside entry of default for "good cause shown." Fed.R.Civ.P. 55(c).  To demonstrate good cause, "the moving party [must] provide an explanation for the default or [ ] give reasons why vacation of the default entry would serve the interests of justice." 10A Fed. Prac. & Proc. Civ. 3d § 2696.

Here, the debtor gives no explanation for why he defaulted other than that his counsel only entered an appearance after the order annulling the stay had been entered on December 9, 2010.  The entry of an appearance of counsel came way late in the game.  On August 26, 2010, the bank filed a motion to reopen the case for the purpose of pursuing a motion to annul the automatic stay.  An order granting the motion to reopen the case for that purpose was entered on August 30, 2010, thus giving the debtor early notice

that a motion to annul the automatic stay would be forthcoming. The debtor did not seek to vacate that order reopening the case. The motion to annul the automatic stay was not filed until November 5, 2009, and was not granted until December 9, 2009. Although the debtor is incarcerated, the debtor does not allege that there was any substantial delay in his receiving the motion to reopen the case or the motion to annul the stay.  There is no reason why he could not have raised his "party in interest" argument prior to the court's granting the motion to annul the automatic stay.  That he belatedly obtained the entry of an appearance by counsel on December 14, 2010, is not a ground for relieving him of the obligation timely to oppose the bank's motion to annul the stay.  He offers no explanation for why he delayed so long in obtaining the assistance of counsel.

In exercising its discretion to set aside a default judgment, the court must consider three factors: "whether the default is willful, whether the defendant has presented a meritorious defense, and whether the plaintiff would suffer substantial prejudice by a decision to set aside the default." *Whelan v. Abell*, 48 F.3d 1247, 1259 (D.C. Cir. 1995); *see also Keegel v. Key West & Caribbean Trading Co.*, 627 F.2d 372, 373, 374 n. 5 (D.C. Cir. 1980) (stating that the court must exercise its discretion in light of the three factors).  The court must resolve all doubts in favor of the party seeking relief.  *Jackson*

*v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). Finally, the court should keep in mind that in this Circuit, "strong policies favor[ ] the resolution of genuine disputes on their merits." *Id.* at 835. Because the debtor has not presented a meritorious defense, there is no reason to grant the debtor's motion to vacate. Moreover, the debtor has not addressed why he defaulted, and the bank has incurred expense that it ought not be subjected to anew when the debtor has no meritorious defense to the annulment motion.

V

An order follows denying the debtor's motion for reconsideration.

[Signed and dated above.]

Copies to: Debtor; Debtor's attorney; Chapter 13 Trustee.